# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| v § | **CRIMINAL No. 4:20cr26** |
| § § | |
| **KHALID ABDULAZIZ** § | |

## **UNITED STATES' REQUESTED VOIR DIRE**

                      **Respectfully submitted,**

                      **JENNIFER B. LOWERY**
                      **United States Attorney**

**By:**   */s/ Lisa M. Collins*

                      **Lisa M. Collins**
                      **Assistant United States Attorney**
                      **(713) 567-9700**

                      */s/ Jennifer Stabe*
                      **Jennifer Stabe**
                      **Assistant United States Attorney**
                      **713-567-9711**

1.    If your answer to any of the following questions would prove embarrassing to you if answered in the presence of the panel as a whole, you may raise your hand, state your name, and come forward to the bench and reply privately to the Court and attorneys.

2.     Is any juror under the care of a physician, psychiatrist, chiropractor, or any other health related practitioner, undergoing any type of physical or mental treatment or therapy at this time?  Would this physical or mental treatment or therapy make it difficult for you to serve as a juror if selected?

For example, does anyone here have a hearing impairment? Is there anyone who may have significant visual or sight impairment? Is there anyone who may find it uncomfortable to sit for long periods of time? Is there anyone who finds it difficult to remain alert, awake, and attentive for long periods of time?

3.     Does anyone on the panel have any conscientious objection, religious belief, or mental reservation such that you could not, in good faith, sit in judgment as a juror in this criminal case and return a verdict of guilty, if you believe from all the evidence that the United States has proven its case beyond a reasonable doubt?

4.     Please raise your hand if you grew up speaking a language other than English.  Do you now read and write the English language fluently?   If not, explain.

5. Do any members of the panel know each other? That is, prior to meeting as a result of this jury service, were any of you panel members acquainted?

6. Have any of you ever served as a juror in a civil or criminal case in which an agreement on a verdict was not reached?

Have any of you ever served as a foreman of a jury?

7. Are any of you attorneys? Do any of you have a family member or close personal friend who is an attorney? If so, do you, your family member, or close personal friend work in the area of criminal law? Would the fact that you, your family member, or close personal friend is an attorney affect your impartiality in this case?

8. Have you ever testified in a criminal case? If so, were you called by the prosecution or by the defense?

Were you a witness testifying as to some event or conduct that you saw or heard or were you called as a character or reputation witness?

9. Please raise your hand if you have ever visited someone who was in jail

or prison. If so, was this job related or of a personal nature? Who did you visit? What were they in jail for? In your view were they treated fairly by the criminal justice system (ie...police, prosecutors, courts)? If you believe they were treated unfairly would that cause you to disbelieve a government witness?

10.    Are there any among you or among your family or friends who, to your knowledge, at any time prior to today or at present, have been the subject of any investigation by an agency of a state or the United States; or have had a case pending in state or federal court previously or at this time?

If so, what was the offense and what was the disposition? Do you believe that the final disposition of that case was fair? Do you believe they were treated fairly by law enforcement?

11.    Has anyone here ever had a particularly bad or unpleasant experience with any police officer, or any other local, state, or federal law enforcement official, such that you felt you were treated unfairly by that individual? Would that experience cause you to tend to disbelieve all police witnesses?

The primary investigative agency in this case was the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). Does anyone have any particularly

strong feelings one way or another about that agency that you would feel would influence your decision?

12. Is there any member of the panel who has been employed by a law enforcement agency? Would that employment affect your ability to be an impartial juror in this case?

Does anyone have a close friend or family member who has been employed by a law enforcement agency? If so, would that employment affect your ability to be an impartial juror in this case?

13. Is there anyone among you that believes from what you've read or heard that people of certain countries, religious beliefs and/or racial groups are treated, as a whole, unfairly or with prejudice by law enforcement agencies and/or the criminal justice system, in general?

Does anyone on the panel believe that law enforcement agents single out for surveillance and/or questioning only people or persons of certain races, nationalities, and/or religious beliefs?

14. Does anyone on the panel hold a belief so strongly that you could not

set it aside if called upon as a juror to decide the facts in this criminal case?

15. During this trial, you may be asked to consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.

"Circumstantial evidence" is proof of a chain of facts and circumstances indicating either the guilt or innocence of the defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all of the evidence and be convinced of the defendant's guilt beyond a reasonable doubt before he can be convicted. The law makes no distinction between the importance to be given direct as opposed to circumstantial evidence. Does anyone on the panel feel differently or believe you could not consider circumstantial evidence?

Is there anyone among you that who believes that circumstantial evidence, no matter what it might be, is automatically less reliable than direct evidence, and cannot support a conviction?

16. The United States has the burden of proving defendant's guilt beyond a reasonable doubt. While the United States' burden is a strict or heavy burden, it is not an impossible burden. The United States is not required to prove the

defendant's guilt beyond all possible doubt or beyond a shadow of a doubt.

Does each of you understand that it is not necessary to prove the defendant's guilt beyond all possible doubt or beyond a shadow of a doubt? Is there any among you who would hold the United States to a higher burden of proof than proof beyond a reasonable doubt?

17. A defendant is presumed to be innocent until proven guilty beyond a reasonable doubt. He may not be called as a witness by the United States and is not required to testify in a criminal case because the burden of proof is entirely on the United States.

A defendant is entitled to testify if he wishes, but if he elects to do so, he is not entitled to any more credibility than other witnesses merely because he is the defendant. Is there any among you who would automatically give a defendant more credibility than any other witness merely because he is the defendant?

Do each of you feel that you can evaluate the testimony of a defendant, IF he chooses to testify, in the same manner as you would evaluate any other witnesses' testimony?

On the other hand, if the defendant elects not to testify, which is his right, the jury may not speculate about what his testimony might have been had he testified.

Would any of you speculate about the testimony of a non-testifying defendant?

18. The law does not require the United States to call as witnesses all persons who may have knowledge of the matters at issue in this trial or to produce as exhibits all papers or other items mentioned during the trial.

Is there anyone among you who believes that if the United States does not call all persons who may have knowledge of the matters at issue or produce as exhibits all papers or other items mentioned during the trial, this would keep you from weighing the evidence presented fairly and making a defendant guilty if you believe the United States has proven its case against the defendant beyond a reasonable doubt?

In other words, if you find that the government has proven its case beyond a reasonable doubt, based on the admitted evidence and witnesses, will you require additional witnesses or evidence be produced?

19. In this case, the United States may call as witnesses alleged co-defendants of the defendant with whom the United States has entered into plea agreements providing for the dismissal of some charges and the possibility of a reduced sentence for their cooperation with the United States. Such plea

bargaining, as it is called, has been approved as lawful and proper and is expressly provided for in the rule of the court. Does anyone have a problem with this practice?

Are there any among you who feel or believe the United States should not be permitted to use as witnesses, co-defendants who have pleaded guilty pursuant to plea agreements with the United States?

Is there anyone who would not believe the testimony of such a witness solely because the witness has pleaded guilty and is testifying under a plea agreement?

Would anyone among you hold it against the United States in any way for entering into such an agreement?

Is there anyone who would not believe a co-defendant witness simply because that witness was receiving some benefit for their cooperation?

Does anyone here believe that such persons who enter into such plea bargain agreements should never be believed as witnesses under oath?

20. Have any of you ever acted as an agent for any government or governmental agency by helping them in some investigation or carrying out some instruction or direction given by them to help them in an investigation?

21. Do any of you have such strong feelings or prejudice against either party, specifically and/or law enforcement agents and/or confidential informants, in general, that you could not render a true verdict?

22. The defendant in this case is Khalid Abdulaziz.

Does anyone on the panel know of him, are any of you related to him, or have any of you ever conducted any business whatsoever with him?

23. The attorneys representing the defendant are Cordt Akers and Derek Hollingsworth. Does anyone know them or has anyone done business with them before?

24. The attorneys representing the United States of America are Assistant United States Attorneys Lisa Collins and Jennifer Stabe. Does anyone know them or has anyone done business with either of them before?

25. The Government's anticipated witnesses in this case are:

See witness list

Does anyone know any of them or has anyone done business with any of them

before?

26. The defendant's anticipated witnesses in this case are:

See defendant's witness list

Does anyone know any of them or has anyone done business with any of them before?

27. As jurors in a criminal case in federal court your duty is to determine the guilt or innocence of a defendant from the evidence presented. Punishment is a matter for the Court and should not be considered by the jury in any way in arriving at your verdict.

Does anyone feel that because you are not allowed to also consider punishment of a defendant, your ability to fairly listen to the evidence and render a verdict will be affected?

Firearms-related questions

28. Does anyone on the panel believe that current firearms laws are too intrusive or harsh?

29. Does anyone on the panel believe that convicted felons should be allowed to possess firearms like everyone else?

30. Has anyone ever been wrongfully accused of possessing a firearm?

31. Does anyone on the panel hold such strong views, one way or the other, about firearms laws that you could not sit as a fair and impartial juror in this case?

32. Does anyone on the panel have a negative opinion of the current Federal or State regulations and restrictions on handguns?

33. Does anyone on the panel hold a state-issued concealed handgun license?

34. Has anyone on the panel been denied purchase of a firearm based on a background check?

35. Is anyone on the panel a current or former member of the National Rifle Association or other similar association?

36. Has anyone on the panel been personally affected by gun control laws? If so, would that experience affect your ability to be a fair and impartial juror in this case?

37. Has anyone on the panel ever been a federal firearms dealer, or worked for, related to, or an associate of a federal firearm licensee dealership? As a firearm owner, do you know where your firearm(s) currently are?

38. Has anyone on the panel been a victim of crime involving a firearm? Please explain.

Could you put aside that experience in judging the facts for this case?

39.     Counts 1, 2 and 5 through 13 of the Indictment in this case allege in pertinent part that the defendant aided and abetted an individual in making a false statement on a Form 4473, which is a document required for the purchase of a firearm from a Federal Firearms Licensee. Is there anything about these allegations in and of itself that would make it difficult for any of you to consider the facts of this case objectively or follow the instructions given by Judge Costa?

There is a legal concept known as "aiding and abetting" which generally states that even if a person did not physically commit the crime charged, if that person helped another person commit that crime that person is equally as guilty as the person who committed the crime.

- Does everyone understand that concept?

- Is there anyone who could not vote to convict based on that concept if the evidence supported it beyond a reasonable doubt?

- Is there anyone who feels they would have difficulty following the Judge's instructions on this issue?

40.     Count 14 of the Indictment charges the Defendant with Selling a Firearm to a Prohibited Person, specifically a Felon.

14

Would any of your opinions about these matters cause you to hesitate in applying or following the law in this case?

Would those opinions cause you to be unable to return a guilty verdict assuming the United States proves its case beyond a reasonable doubt?

41. Now that voir dire is finished and you have heard about the case, is there anyone who feels that he or she possesses information that they want the Court to hear in private that the Court or attorneys should know before considering them in selecting the jury that will consider this case? In other words, Is there anything else that you need to discuss in private with the Court?

Is there anything about any of you, other than what has already been disclosed that, if you were selecting a jury, you would want to know about before picking members of the jury? or attorneys that would cause you not to be fair and impartial in this case?

## **CERTIFICATE OF SERVICE**

      This is to certify that on the 1st day of April, 2022, a copy of the United States' requested voir dire was sent to counsel for defendant, by electronic filing.

                                              s/Lisa M. Collins
                                              Lisa M. Collins
                                              Assistant United States Attorney

                                              */s/ Jennifer Stabe*
                                              Jennifer Stabe
                                              Assistant United States Attorney