```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                              - - -

        THE HONORABLE LEE ROSENTHAL, JUDGE PRESIDING
_____
UNITED STATES OF AMERICA,

                    Plaintiff,

vs.                              Case No. 4:20-cr-00026

GUSTAVO GARZA-AVALOS,

                    Defendant.
_____

                       SENTENCING HEARING

          OFFICIAL REPORTER'S TRANSCRIPT OF PROCEEDINGS

                        Houston, Texas

                       November 15, 2023
_____
APPEARANCES:

For the Plaintiff:
            JENNIFER STABE, Esq.
            United States Attorney's Office


For the Defendant:
            TILLET MILLS, Esq.
            Mills & Associates




Reported by:
            Cheryl Cummings, RDR-RMR-CRR-CRC
            Official Court Reporter
            U.S. District Court
            Southern District of Texas

Proceedings recorded by mechanical stenography.
Transcript produced by computer-aided on computer.
```

```
 1                        P R O C E E D I N G S
 2         (Proceedings commenced at 9:08 a.m., as follows:)
 3              THE COURT:  Good morning.  Please be seated.
 4              I think we're ready for United States vs.
 5   Garza-Avalos.
 6              Come on up, please, and state your appearances.
 7              MS. STABE:  Jennifer Stabe for the government.
 8              MR. MILLS:  Tillet Mills on behalf of
 9   Mr. Gustavo Garza-Avalos, your Honor.
10              THE COURT:  Very good.  Thank you.
11              The Court notes the presence of the interpreter.
12   Thank you.
13              Counsel, have you and your client together gone
14   over the presentence report through a Spanish
15   interpreter?
16              MR. MILLS:  Through the Spanish interpreter, not
17   yet, your Honor.  We did have preliminary -- yes.  And
18   we have a preliminary matter.
19              THE COURT:  All right.
20              MR. MILLS:  The preliminary matter was,
21   your Honor, he brought to my attention this morning
22   about an hour ago regarding some changes in the
23   sentencing guidelines.  However, he didn't bring the
24   paper with him.
25              THE COURT:  He doesn't need the paper.
```

| | |
|---|---|
| 1 | MR. MILLS: You know, so that I can look at the |
| 2 | amendment that he's speaking of. |
| 3 | THE COURT: There's a status point change that |
| 4 | took effect on November 1st. That would probably -- if |
| 5 | he's eligible, that might lead to a two-level reduction. |
| 6 | PROBATION OFFICER: I don't believe- |
| 7 | THE COURT: Is he eligible? |
| 8 | MR. MILLS: I don't believe he's eligible, |
| 9 | your Honor. |
| 10 | THE COURT: Because of the gun? |
| 11 | PROBATION OFFICER: Because of the number of |
| 12 | points he already has. |
| 13 | MR. MILLS: And, your Honor, I didn't want to |
| 14 | spring it on the Court, but he let me know thirty |
| 15 | minutes ago. |
| 16 | THE COURT: No, that's fine. The probation |
| 17 | office is fully prepared to address the retroactive |
| 18 | effect of the guideline change. So let's confirm that |
| 19 | he is not eligible. |
| 20 | MS. STABE: And, your Honor, I did look at those |
| 21 | this morning as well, and I believe that the change will |
| 22 | be it changes from a two-point to a one-point. He does |
| 23 | have more than seven criminal history points besides the |
| 24 | status point, so I believe it will change the criminal |
| 25 | history to a 13 instead of a 14, which is still -- |

4

```
1                THE COURT:  Level VI.
2                MS. STABE:  The same category.
3                THE COURT:  All right.  Probation agree?
4                PROBATION OFFICER:  We do agree, your Honor.
5                THE COURT:  Okay.  So I think taking your point
6    as an objection, it's denied as moot.
7                MR. MILLS:  Okay.  Thank you, your Honor.
8                THE COURT:  And you did have other objections.
9                MR. MILLS:  Yes, your Honor.
10               THE COURT:  You objected primarily -- acceptance
11   has been taken into account.  You did object to the
12   calculation of the criminal history.
13               MR. MILLS:  Yes, your Honor.
14               THE COURT:  That, I believe that probation has
15   pointed out why it is a correct application of the
16   guidelines.
17               The points that you raise about how to approach
18   the possession of marijuana conviction I think are
19   appropriately handled under 3553(a).
20               MR. MILLS:  Yes, your Honor.
21               THE COURT:  And at this time, the PSR is
22   adopted.  We're looking at a 235- to 293-month sentence.
23   It's an extensive drug trafficking organization, and the
24   defendant is held accountable for 988.7 grams of 97%
25   pure methamphetamine.  And the marijuana has no effect
```

1  on the guideline calculation.
2          So at this time I'd like to hear from counsel,
3  I'd like to hear from the defendant, and then the
4  government.
5          MR. MILLS:  I think if you take a look at this
6  case, and we all have, I think that, yes, it is an
7  extensive, by your language, an extensive drug
8  trafficking organization.  However, when you look at my
9  client, he's being sentenced for pretty much one overt
10 act which is the simple possession with intent to
11 distribute of that methamphetamine.
12         As I've outlined in my sentencing memorandum,
13 your Honor, my client has somewhat early substance abuse
14 history.  He's willing to, you know, confront that
15 wherever he goes, take substance abuse classes and
16 whatnot.
17         I think the assigned guideline range is pretty
18 high for my client, especially when you consider the
19 other sentences that were given out to the rest of the
20 people in the conspiracy.  I think that someone had
21 around what he had, some had more, a lot had a lot less.
22 Now, whether that's due to their specific criminal
23 history or due to other factors, I do not know.
24         Also, the objections as far as the simple
25 possession of marijuana, those are objections I made

1  just to bring to the Court's attention.  They might have
2  been better served in a sentencing memorandum, which I
3  also put those in there as well.  As probation pointed
4  out, they're not more objections; but they're reasons
5  for possible downward departures.  And those are
6  splitting hairs.  Those are two different things.
7            I wish that my client be sentenced to the
8  minimum statutory penalty, your Honor.  In this case,
9  that would be the minimum of ten years.  I think that
10 that is a sufficient enough sentence to ensure that my
11 client understands the ramifications of what he's done
12 as far as that.
13           And the acceptance of responsibility, the
14 government has not made a motion for a 5K in this
15 particular case, your Honor.  However, I will note that
16 my client has done extensive work to try to help the
17 government out on this particular case including
18 multiple proffers.  I retrieved the cell phone and
19 turned it over to the government on behalf of him just
20 so that they possibly could have some actionable
21 information.  And I know that they did not make the
22 motion for the 5K so that you could not sentence below
23 the guideline range, but I would like that to be taken
24 into account when thinking about his sentence, that he
25 did --

1        THE COURT: Well, I could go below the guideline
2   range. I can't go --
3        MR. MILLS: Below the statutory minimum,
4   your Honor. Sorry, wrong choice of words. Wrong choice
5   of words.
6        But I would like that to be taken into account
7   when sentencing him, as he did truly try his hardest and
8   reached out to me regarding information to be provided.
9   Like I said, he reached out to me through family members
10  to get items that might have actionable information as
11  well. Now, it didn't end up working out, but, you know,
12  you can only try when you're in my client's shoes,
13  your Honor.
14       That being said, I request that he be sentenced
15  to the minimum statutory penalty.
16       THE COURT: Thank you, sir.
17       Mr. Garza-Avalos, what would you like to add?
18       THE DEFENDANT: Your Honor, to be honest with
19  you, I am not ready for this. I did not expect this.
20  This attorney hasn't come to visit me. I have not seen
21  the PSI until now. I feel bad and I would ask you to
22  appoint another attorney. He didn't come to see me. He
23  didn't explain much. I didn't expect this and I'm not
24  prepared for this.
25       MR. MILLS: I can respond, your Honor. I mean,

1  as far as he understands English, I've taken him through
2  the PSR.  If you would like to appoint him another
3  attorney for the purposes of sentencing, I understand.
4  I've been to see him.  I'm not in the business of
5  arguing with my client in federal court.  I've been to
6  see him.  I explained -- like I said, I sat with
7  multiple proffers for him.  I retrieved different kinds
8  of information for him.  He was aware that today was his
9  sentencing.  I let him know -- like I said, I'm not in
10 the business of arguing with my client, your Honor.
11          THE COURT:  All right.  If I give you more
12 time --
13          THE DEFENDANT:  (In English) Yes, ma'am.
14          THE COURT:  -- with the same attorney so he can
15 explain more to you and answer questions, will that
16 satisfy you?
17          THE DEFENDANT:  Yes, your Honor.  I mean, well,
18 but he never really visited.  He came to see me maybe
19 three or four times, but not -- not -- not sufficient
20 times.  And also, I don't understand English that well.
21 I mean, he speaks a little Spanish but very little, and
22 I would need someone who speaks a little bit more
23 Spanish.
24          THE COURT:  All right.  Let's do this: --
25          MR. MILLS:  Whatever time the Court allows.

1          THE COURT:  -- I would like counsel and the
2   defendant to meet with an interpreter here in the
3   courthouse before -- now, if possible, if the marshals
4   can arrange a room where that conversation can be held
5   with an interpreter present.  Then we can reschedule
6   this for tomorrow or Friday.
7          MS. STABE:  I'm on leave tomorrow and Friday.
8          THE COURT:  How about Monday?
9          MS. STABE:  It's a vacation.  I'm sorry.  I will
10  see if I can find coverage, or I'll be back fully the
11  week of the 27th.
12         THE COURT:  We'll reschedule it to the week of
13  the 27th.
14         MR. MILLS:  Okay.  Thank you.
15         THE COURT:  Does that work?
16         MS. STABE:  Yes, your Honor.
17         MR. MILLS:  We apologize for the
18  miscommunication.
19         THE COURT:  No problem.  I think that will take
20  care of any issue, and I don't want to create an issue.
21         MR. MILLS:  Thank you, your Honor.
22         THE MARSHAL:  Your Honor, we can take him to an
23  interview room.
24         THE COURT:  Perfect.  Perfect.
25         Is there an interpreter who can be available?

```
 1        (Response in the affirmative.)
 2            THE COURT:  Great.
 3            THE MARSHAL:  That way you can have all the time
 4  you need.
 5            THE COURT:  Thank you very much.
 6            THE DEFENDANT:  Thank you.
 7            MS. STABE:  Thank you, your Honor.
 8       (Proceedings adjourned at 9:19 a.m.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                           C E R T I F I C A T E

2

3

4

5           I hereby certify that pursuant to Title 28,
6    Section 753 United States Code, the foregoing is a true
7    and correct transcript of the stenographically reported
8    proceedings in the above matter.

9

10

11                    Dated this 2nd day of December, 2024.

12                    /s/Cheryl L. Cummings

13                    Cheryl L. Cummings, RDR-CRR-RMR-CRC
                      Federal Official Court Reporter
14

15

16

17

18

19

20

21

22

23

24

25