<pre>
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                        HOUSTON DIVISION

 3    ****************************************************************

 4    UNITED STATES OF AMERICA         4:20-CR-00026-17

 5
      VS.                             HOUSTON, TEXAS
 6

 7    GUSTAVO GARZA-AVALOS            SEPTEMBER 10, 2024

 8
      ****************************************************************
 9
       TRANSCRIPT OF REVOCATION AND SENTENCING HEARING PROCEEDINGS
10          HEARD BEFORE THE HONORABLE LEE H. ROSENTHAL
                     UNITED STATES DISTRICT JUDGE
11
      ****************************************************************
12
      APPEARANCES:
13
      FOR THE GOVERNMENT:              MS. JENNIFER CHRISTINE STABE
14                                     U.S. Attorney's Office
                                       1000 Louisiana Street
15                                     Suite 2300
                                       Houston, Texas 77002
16

17    FOR THE DEFENDANT:              MS. LOURDES RODRIGUEZ
                                       Lourdes Rodriguez Law Firm
18                                     300 Fannin Street
                                       Suite 220
19                                     Houston, Texas 77002-2038

20    Official Court Reporter:         Lanie M. Smith, CSR, RMR, CRR
                                       Official Court Reporter
21                                     United States District Court
                                       Southern District of Texas
22                                     515 Rusk
                                       Room 8004
23                                     Houston, Texas 77002

24
             Proceedings recorded by mechanical stenography,
25    transcript produced via computer.
</pre>

**P R O C E E D I N G S**

THE COURT:  All right.  We're here on a sentencing for both the criminal case and the revocation.

MS. RODRIGUEZ:  The attorney for the revocation is not here yet, Judge.

11:05AM

THE COURT:  All right.  Do you want to wait for him? I'm happy to do so.

MS. RODRIGUEZ:  No, we don't need to.  It's two separate --

11:05AM

THE COURT:  All right.  Go ahead and state your appearances then, please.

MS. STABE:  Jennifer Stabe for the government.

MS. RODRIGUEZ:  Lourdes Rodriguez for Mr. Garza-Avalos.

THE COURT:  Very good.  And is the interpreter here? There you are.

11:05AM

The Court notes the presence of the interpreter.  Thank you.

Ms. Rodriguez, have you and your client together gone over all of the presentence materials?

11:06AM

MS. RODRIGUEZ:  I went to see him, Judge.  I brought him information, case law about the questions that he has.  He claims I didn't spend enough time with him.

I went to see him, I guess, last week and then Saturday and brought him a copy of the amendments for 2024.

11:06AM

They don't address either the importation or exportation and

1    they don't address the other questions that he had with the

2    criminal history.

3            So I gave him the case law and the new amendments

4    and I find that in this case for the ten years to count, they

11:06AM 5    count backwards from the date the offense was committed and in

6    his case it was December, not the date of the arrest and

7    therefore, the probation was correct.

8            THE COURT:  All right.  You did also object to the way

9    in which methamphetamine amounts are calculated.

11:07AM 10           MS. RODRIGUEZ:  Yes.

11           THE COURT:  Your objection is noted.  It is overruled

12    because the Sentencing Commission has provided the method that

13    is used and that is the method that I will use.

14            Obviously considering the 3553(a) factors allows

11:07AM 15    me to consider the appropriate sentence, even taking into

16    account the amount of methamphetamine that is calculated as

17    part of the defendant's relevant conduct.

18            So I know that you had asked, Ms. Rodriguez, for

19    an offense level of 29 --

11:08AM 20           MS. RODRIGUEZ:  Yes.

21           THE COURT:  -- which would result -- if the criminal

22    history was reduced on a variance to a five rather than a

23    six --

24           MS. RODRIGUEZ:  Correct.

11:08AM 25           THE COURT:  -- that would result in a 210- to

1       262-month -- no, wait.  Let me make sure I'm right on this.

2               If the offense level is a 29 and we are looking

3       at a criminal history of five, then we are looking at a 140- to

4       175-month range.

11:08AM   5               If we take the government's position and leave

6       both the criminal history category and the offense level as is,

7       then we're looking at 235 to 293 months.

8               I believe we may have covered this at the prior

9       hearings, but I'm not going to impose a fine.  There's no

11:09AM  10      ability to pay.

11              Does the government ask me to remit the special

12      assessment?

13              MS. STABE:  We can, Your Honor.  We can remit the

14      special assessment.

11:09AM  15              THE COURT:  All right.  So ordered.

16              Thank you.

17              All right.  At this time I'd like to hear from

18      Mr. Garza-Avalos and from counsel.

19              I would note that the revocation that is also

11:09AM  20      before me, the range here is 46 to 57 months.

21              THE INTERPRETER:  I'm sorry, Your Honor?

22              THE COURT:  46 to 57 months.

23              MS. RODRIGUEZ:  I will let the client talk first.

24              THE COURT:  Go ahead, please, sir.

11:10AM  25              THE DEFENDANT:  What I would like to say, Your Honor,

1    there are certain things that I do not agree with that are

2    happening in my case.

3            In the first place, my attorney has not come to

4    see me continually so that we can speak about the case.  Of the

11:10AM 5    time that I'm given, 30 days, she has only come once to see me.

6            And when I want to say something to her so that

7    we can discuss this in front of me, she doesn't do it.

8            There are certain things here that I do not agree

9    with.  I can show you, please.  For eight months, she didn't

11:11AM 10    come to see me.  She only came to see me last month.  In those

11    eight months, I could have covered all this.

12            And she has not reviewed my documents.  I am

13    forcing her to do this.

14        THE COURT:  All right.  Mr. Garza-Avalos --

11:11AM 15        THE DEFENDANT:  Yes.

16        THE COURT:  -- what is it that you want me to consider

17    in imposing sentence?

18        THE DEFENDANT:  This here.

19            May I pass this on to you, Your Honor?

11:11AM 20        THE COURT:  Yes. (Reviewing.)

21            I do know your request for a continuance was

22    granted, so we've taken care of that.

23            In addition, based on your attorney's capable

24    arguments, I am, as a variance, reducing the criminal history

11:12AM 25    category from a six to a five.  That is obviously beneficial to

1    you because it reduces the sentencing exposure that you face.

2    Your attorney has also asked me to consider

3    whether the guideline range that applies in your case should be

4    reduced even below 210 months, which is the low end of the

11:13AM    5    guidelines as it would currently be calculated.  Your attorney

6    would like me to go down far enough to result in a 140-month

7    sentence at the low end.

8    So your attorney is doing a great deal to ask me

9    to consider ways in which your sentence could be reduced below

11:14AM    10    235 months, which is what the guideline range would call for.

11    So I have considered what your communications to

12    your lawyer raise and I think that all of these points have

13    been fully taken care of.

14    So to the extent you're asking me for yet another

11:14AM    15    continuance, that's denied.

16    What else would you like to say, sir?

17    THE DEFENDANT:  I have nothing else to say.

18    I would like to ask, Your Honor, have you

19    received the letter that my daughter sent you?

11:15AM    20    MS. RODRIGUEZ:  I think there was a docket entry,

21    Your Honor.

22    THE COURT:  What's the number?

23    MS. RODRIGUEZ:  I don't know if I saw that.  I know

24    because I asked him -- it was not through me so I couldn't

11:15AM    25    bring it to the Court.

1    THE COURT:  Was it docketed?

2    MS. RODRIGUEZ:  Pardon me?

3    THE COURT:  Was it docketed?

4    MS. RODRIGUEZ:  I don't know.

11:15AM    5    THE COURT:  All right.  Ms. Eddins will make sure that

6    I have it before me.

7    MS. RODRIGUEZ:  Okay.

8    THE COURT:  Thank you.  Is there anything else that you

9    wanted to say, sir?

11:16AM    10    THE DEFENDANT:  I find nothing else to say.

11    THE COURT:  All right.  Ms. Rodriguez, what would you

12    like to say?

13    MS. RODRIGUEZ:  Your Honor, I think we argued the last

14    time when I requested 120 months based on the disparity of the

11:16AM    15    sentencing amount in the circuits.  I believe that my client,

16    regardless of his insistence, has received the best possible in

17    everything that we had done there.

18    Still, I think that a departure is proper in this

19    case.  I think the characteristics call for something less than

11:16AM    20    what's required by the guidelines.

21    Thank you, Your Honor.

22    THE COURT:  Thank you.

23    Government?

24    MS. STABE:  Thank you, Your Honor.

11:16AM    25    You know, I understand that Mr. Garza-Avalos has

1    not been happy with the way that the PSR has turned out and I

2    just want to make a couple of things clear for the record, that

3    in this case I know that he was asking about the amendments,

4    but the zero-point offender does not apply to him in this case

11:17AM  5    because of his criminal history.

6              And, you know, the Court obviously, as you

7    already ruled, is already taking into consideration the

8    criminal history and reducing that from a six to a five, which

9    lowers his possible range of punishment.

11:17AM  10             I know he also has some arguments about the plea

11   agreement.  And just kind of for the record, you know, it was

12   myself, his previous defense attorney, case manager

13   Shannon Jones and Judge Sheldon were all present when he signed

14   the plea agreement.

11:17AM  15             And if there's any need for it, Mr. Mills, his

16   previous defense attorney, is present outside the courtroom.

17   But I think that the record speaks for itself that the plea

18   agreement was signed freely and voluntarily in this case.

19             With regards to the revocation, I think that the

11:17AM  20   evidence is clear because the allegation is that he committed a

21   new law violation and the fact that we're here today for his

22   sentencing and that he pled guilty proves that up as well.  In

23   that case, we would just be asking for the low end of the

24   guideline range of 46 months for that revocation.

11:18AM  25             As far as his sentence in this case, our position

is that a guideline sentence of 210 months is appropriate.

This defendant went to a location, he bought a kilogram of

methamphetamine.  He intended to use that.

The purity is in place for a reason.  Buying

1 kilogram of almost 100 percent pure methamphetamine is not

the same as getting a mixture and substance of meth.  It's much

more dangerous, it's more deadly.  It can be distributed into

many more individual dosage units than a mixture and a

substance and so our position is that is why these guideline

ranges are what they are and are different from a mixture and

substance.

And additionally, the reason the sentence, this

guideline range is 210 to 262 months is because of the

defendant's conduct.  He has chosen to continue to commit

offenses over and over and over again and that is why his

criminal history category is so high.

He has been to federal prison before for a

sentence of 40 months.  He's had run-ins related to narcotics

previously and he has multiple, multiple illegal reentries.

And so based on all of the factors in this case,

we feel that the low end of the guidelines of 210 months is

appropriate, Your Honor.

THE COURT:  Do you want the 46 months to run

concurrently or consecutively or a combination?

MS. STABE:  Your Honor, we would be completely fine if

1   they ran concurrently.

2        MS. RODRIGUEZ:  I'm sorry, Judge.  Are you referring to

3   the supervised release?  Are you referring to the supervised

4   release case?

5        THE COURT:  No -- yes, I was referring to the

6   revocation.

7        MS. RODRIGUEZ:  Because I believe it cannot run

8   concurrent, but it can be divided.

9        THE COURT:  All right.  Anything further?

10       MS. RODRIGUEZ:  No.

11       THE COURT:  I have read the letter from your daughter.

12  It is obviously made part of this record.  It's filed at Docket

13  Number 881.

14           And just so our record is clear, I don't see any

15  need or legal requirement for an evidentiary hearing on the

16  presentence report and we have already resolved the counsel

17  issue.

18               May I see probation for a moment, please.

19                    (Off-the record discussion.)

20       THE COURT:  The Court has had an opportunity to look at

21  this case several times and to consider all of the arguments

22  raised in light of the defendant's current conviction and his

23  criminal history.

24           As noted, that criminal history is of concern.

25  The defendant has a strong association with trafficking not

1    only drugs but also weapons.  He is being held accountable for

2    close to a thousand grams of pure methamphetamine and that is

3    appropriate given all of the circumstances disclosed by this

4    record.

11:22AM  5         The government has asked me for essentially a

6    210-month sentence and the defense has asked me to go

7    significantly below that.

8         Here is the sentence that I think is as close as

9    I can come to addressing the sentencing guideline objectives

11:23AM 10    and the 3553(a) factors.

11         I think the defendant wants to say something

12    more.

13         Go ahead, sir.

14    THE DEFENDANT:  I want to say that I have nothing,

11:23AM 15    nothing to do with a firearms charge.

16    THE COURT:  Your offense of conviction is part of this

17    record.

18         All right.  The Court believes that an appropriate

19    sentence in this case on the conviction that stands before me

11:24AM 20    is 160 months; 46 months on the revocation.  And of those

21    46 months, 23 months are to run concurrently with the

22    160 months and 23 months to run consecutively for a total time

23    in prison of 183 months.

24         When you are released from prison, you will be

11:24AM 25    placed on supervised release subject to any detainer for your

1    removal from this country.

2              Within 72 hours of your release from the custody

3    of the Bureau of Prisons, you must report in person to the

4    probation office in the district to which you are released.

11:25AM    5    While you are on supervised release, you must not

6    commit any federal, state or local crime and you must comply

7    with all the standard conditions adopted by this Court under

8    General Order Number 2017-01, abide by any mandatory conditions

9    required by law, and comply with the following additional

11:25AM    10   conditions:

11              You must immediately report, continue to report

12   or surrender to U.S. Immigration and Customs Enforcement and

13   follow all of their instructions and reporting requirements

14   until any deportation proceedings are completed.

11:25AM    15   If you are ordered deported from the

16   United States, you must remain outside the United States unless

17   legally authorized to reenter.  If you do reenter, you must

18   report to the nearest probation office within 72 hours after

19   you return.

11:25AM    20   You must seek proper documentation from the U.S.

21   Immigration and Customs Enforcement authorizing you to work in

22   the United States.

23              You must participate in an outpatient substance

24   abuse treatment program and follow all the rules and

11:26AM    25   regulations of that program.  The probation officer will

supervise your participation in the program, including the
provider, the place, the type, how long it lasts and how
intense it is.  You must pay the costs of the program if
financially able to do so.

11:26AM          You must submit to substance abuse testing to
determine if you've used a prohibited substance.  You must pay
the costs of the testing if financially able.  You may not
attempt to possess or to obstruct or tamper with the testing
methods.

11:26AM          You must not possess any controlled substances
without a valid prescription and if you do have a valid
prescription, you must follow the instructions on the
prescription.

                You must not possess any controlled substances

          We've already dealt with the fine and with the
11:27AM   special assessment.

                Are there any requests that the defense has on a
designation of a facility?

                Ms. Rodriguez?

          MS. RODRIGUEZ:  Yes.

11:27AM   THE COURT:  Any requests for a recommendation on what
facility?

          MS. RODRIGUEZ:  I believe, Your Honor, his daughter is
here in Houston, so anything close to Houston.

          THE COURT:  Okay.  I'll recommend --

11:27AM   MS. RODRIGUEZ:  He needs to be admonished of the right

1    to appeal.

2         THE COURT:  I'll make a recommendation for designation

3    to a facility close to Houston.

4         MS. RODRIGUEZ:  Okay.

11:27AM 5         PROBATION OFFICER:  Yes, Your Honor.  And I apologize,

6    but I missed the term of supervised release, the number of

7    years that the Court placed him on.

8         THE COURT:  Five years.

9         THE PROBATION OFFICER:  Your Honor, if I may,

11:28AM 10   Jarrod Shaw for the revocation matter in Case 2:15-cr-17.

11              To clarify for the record, the Court found that

12   he violated both 1 and 2?

13        THE COURT:  Yes.  And supervised release is revoked if

14   that's what you were looking for.

11:28AM 15        PROBATION OFFICER:  And there will be no further

16   supervised release?

17        THE COURT:  None.

18        PROBATION OFFICER:  Thank you, Your Honor.

19        THE COURT:  Thank you.

11:28AM 20             Anything further?

21   (No response.)

22        THE COURT:  You do have a right to appeal, sir.  If you

23   want to file an appeal, you must file your notice of intent to

24   do so within 14 days from the date the judgment is entered.  If

11:28AM 25   you want a lawyer to represent you on an appeal and cannot

1    afford one, you may ask the Court to appoint one.

2              Do you understand those rights?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Thank you very much.

11:28AM  5    MS. RODRIGUEZ:  Thank you, Your Honor.  May I be

6    excused?

7              THE COURT:  You may.  Thank you.

8              MS. STABE:  Thank you, Your Honor.

9              THE MARSHAL:  All rise.

10              (The proceedings were adjourned.)

11                        *  *  *  *

12              REPORTER'S CERTIFICATE

13              I, Lanie M. Smith, CSR, RMR, CRR, Official
     Court Reporter, United States District Court, Southern District
14   of Texas, do hereby certify that the foregoing is a true and
     correct transcript, to the best of my ability and
15   understanding, from the record of the proceedings in the
     above-entitled and numbered matter.

16

17                              /s/ Lanie M. Smith_____
                                Official Court Reporter
18

19

20

21

22

23

24

25