```
 1                 UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF TEXAS
 2                      HOUSTON DIVISION

 3   ****************************************************************

 4   UNITED STATES OF AMERICA        4:20-cr-00026-17

 5
     VS.                             HOUSTON, TEXAS
 6

 7   GUSTAVO GARZA-AVALOS            AUGUST 19, 2024

 8

 9   ****************************************************************

10             TRANSCRIPT OF MISCELLANEOUS HEARING
          HEARD BEFORE THE HONORABLE LEE H. ROSENTHAL
11                UNITED STATES DISTRICT JUDGE

12   ****************************************************************

13

14   APPEARANCES:

15   FOR THE GOVERNMENT:             MS. JENNIFER STABE
                                     U.S. Attorney's Office
16                                   1000 Louisiana St., Suite 2300
                                     Houston, Texas 77002
17

18   FOR THE DEFENDANT:              MS. LOURDES RODRIGUEZ
                                     Office of the Federal Public
19                                       Defender
                                     440 Louisiana St., Suite 1350
20                                   Houston, Texas 77002

21
                                     Mr. Gene P. Tausk
22                                   THE TAUSK LAW FIRM
                                     6525 Washington Avenue
23                                   Houston, Texas 77007

24

25
```

```
 1   Official Court Reporter:        David S. Smith, CSR, RPR, CRR
                                     Official Court Reporter
 2                                   United States District Court
                                     Southern District of Texas
 3                                   515 Rusk Street, Room 8004
                                     Houston, Texas 77002
 4                                   david.smith@txs.uscourts.gov
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
           Proceedings recorded by mechanical stenography,
25   transcript produced via computer.
```

```
1                       P R O C E E D I N G S
2            THE COURT:  Good morning.  You may all be seated.  Go
3    ahead and state your appearances for the sentencing, please.
4            MS. STABE:  Good morning, Your Honor, Jennifer Stabe
5    for the government.
6            MS. RODRIGUEZ:  Lourdes Rodriguez, Your Honor, for the
7    defendant on the last case.
8            MR. TAUSK:  Good morning, Your Honor, Gene Tausk for
9    the defendant on the SRT violations.
10           THE COURT:  All right.  Thank you.
11                 The Court notes the interpreter's presence as
12   well.  Thank you.
13                 Counsel, have you reviewed with your client
14   both the worksheet on the revocation and the memorandum on the
15   sentencing?
16           MR. TAUSK:  Yes, Your Honor.
17           MS. RODRIGUEZ:  Yes.
18           THE COURT:  Do you have any objections that need to be
19   addressed?
20           MS. RODRIGUEZ:  No, Your Honor.  I think we did that
21   last time.
22           THE COURT:  Okay.
23                 All right.  On the revocation, let's start
24   there.  How does the defendant plead to the violations?
25           MR. TAUSK:  Your Honor, with all candor to the Court,
```

1  I'm not sure.  I've informed my client of the two violations of
2  which he is accused.  I've advised my client.  My client, to
3  the best of my knowledge, is not ready to enter an -- answer at
4  this time, although I advised my client the necessity of doing
5  so or at the very least the necessity of addressing the Court.
6           I would like to make a statement before my
7  client speaks, Your Honor.
8           THE COURT:  All right.
9           MR. TAUSK:  I've advised my client, to the best of my
10 ability, what I believe are his SRT violations.  I've also
11 advised my client I do not believe it is wise for him to
12 address the Court.  If my client does so, of course, it is of
13 his own volition.  I would like to inform the Court he does so
14 against my expressed advice and I have -- as I said, I've
15 informed my client of what I believe are the -- what I believe
16 are the evidence of his SRT violations.
17          THE COURT:  All right.  So the violation that --
18 there's an illegal reentry violation?
19          MR. TAUSK:  That is correct, Your Honor.
20          THE COURT:  And a new law violation, possession with
21 intent to distribute 50 grams or more of methamphetamine?
22          MR. TAUSK:  That is correct, Your Honor.
23          THE COURT:  And there is no plea of true or otherwise
24 to the violations?
25          MR. TAUSK:  I have explained to my client that he can

1  plead true or not true to these violations.  I'm sort of in a
2  quandary, Your Honor, as to what I can say and what I cannot
3  say.
4           THE COURT:  I understand.
5           MR. TAUSK:  I advised my client as to what I believe
6  are the evidentiary standards required to plead true or not
7  true to these violations.  I believe my client understands.  My
8  client has informed me he wishes to make statements to this
9  Court, without telling me whether true or not true.
10          THE COURT:  All right.
11          MR. TAUSK:  Once again I must advise the Court that I
12 have informed my client I do not believe it is in his best
13 interest to speak to this Court other than simply to say,
14 "true" or "not true."
15          THE COURT:  All right.  So with the exception of
16 illegal reentry, which is separate, the conduct underlying the
17 SRT violation allegations are the same conduct that are at
18 issue in the criminal case, correct?
19          MR. TAUSK:  Correct, Your Honor.
20          THE COURT:  All right.  I will now -- just so we all
21 understand where we are, the Chapter 7 range for the revocation
22 is 46 to 57 months.
23          MR. TAUSK:  That is correct, Your Honor.  I have
24 advised my client on that range violation.
25          THE COURT:  And the range on the criminal charges with

1    an offense level of 33 and a criminal history category of 6 is,
2    I believe, 235 to 293 months.
3                There is an objection I want to address --
4        MS. RODRIGUEZ:  Right.
5        THE COURT:  -- to the offense level calculations and
6    the criminal history calculations.  The first objection is that
7    the criminal history category is overstated.
8        MS. RODRIGUEZ:  Correct, Your Honor, I believe that was
9    done by the prior counsel.
10       THE COURT:  All right.  Did you want to address that
11   objection beyond what's already in the record?
12       MS. RODRIGUEZ:  He has a lot of misdemeanor cases and I
13   believe that's part of his complaint is that that criminal
14   history is overstated, that he agrees that he committed all
15   those offenses and that the -- except for two of them and I
16   think it's Paragraphs 62, 63, which I reviewed, Your Honor; and
17   I can -- I couldn't find a problem with either one of them;
18   therefore, I tried to explain that to him last time I met with
19   him, but he walked out.
20       THE COURT:  All right.  I do think that the criminal
21   history category scoring is high --
22       MS. RODRIGUEZ:  Yes.
23       THE COURT:  -- because of the -- based on a number of
24   relatively minor offenses.
25       MS. RODRIGUEZ:  Right.

1  THE COURT: I will sustain your objection to the extent
2  of lowering the criminal history category from a 6 to a 5 to
3  more accurately reflect the nature and extent of the prior
4  criminal activity.
5           So if we are looking at a 33 offense level and
6  a criminal history category of 5, I believe we were at 235 to
7  293.
8  MS. STABE: Your Honor, I think that was still
9  Category 6. At least I believe so.
10  THE COURT: Let me make sure I've got it right.
11          188 -- no, wait.
12  MS. STABE: I believe it's 210 to 262 months.
13  THE COURT: 210 to 262, right, which I had written down
14  and just ignored. 210 to 262. And then we have the revocation
15  range of -- previously referred to -- there is also an
16  objection to the way in which the methamphetamine calculation
17  was performed, a challenge to the use of the purity number as a
18  basis for determining the relevant conduct. I agree that it
19  results in a high number. I don't agree that the methodology
20  is incorrect. It is correct under the current guidelines and
21  law, so I can't grant your objection.
22  MS. RODRIGUEZ: Right.
23  THE COURT: I can certainly take into account some of
24  the factors you raised in the 3553 analysis.
25  MS. RODRIGUEZ: Yes, ma'am.

1 THE COURT: At this time I would like to hear from
2 counsel on both the revocation and the criminal case and I
3 would like to hear from the defendant and then I'll hear from
4 the government.
5 MS. RODRIGUEZ: Would you like for me to start, Your
6 Honor?
7 THE COURT: Yes.
8 MS. RODRIGUEZ: I understand that my client is young
9 compared to the other defendants that are over 50 and that at
10 his age the likelihood of re-offense is probably high,
11 including the fact that he was convicted in 2018. However, his
12 offenses prior to this, you understood that by reducing his
13 criminal history category. On the other hand, he indicated to
14 me that he's a drug addict and was trying to save money by
15 buying a kilogram of the methamphetamine and that he had no
16 intention to sell them. I explained that regardless of that,
17 the law would say that he was responsible as he was charged and
18 he has pled guilty. I do think that purity is a problem
19 because, as we have seen, it's not the same anywhere in the
20 United States, including the 90 jurisdiction. I do ask the
21 Court to consider that and sentence him to the minimum, which
22 would be 120 months, or 10 years.
23 THE COURT: All right.
24 MR. TAUSK: Your Honor, regarding the SRT violations, I
25 would ask the Court to please take into consideration, as

previous counsel stated, he's looking at a minimum of 120 months. I do not believe it is in the public's interest, nor in the interest of the government, to simply add to that number based on the SRT violations. Of the SRT violations, one involves the possession with intent to distribute a controlled substance, which is being addressed by previous counsel and this Court in terms of this crime; and the other is an illegal reentry, Your Honor. Obviously with illegal reentry the government does consider it a crime, but I'll respectfully state to the Court that is a misuse of federal resources simply to tack on more time because you cannot enter the country without the authorization of the State Department or United States immigration services.

So with that statement, Your Honor, this might seem to be an extraordinary request; but I would ask the Court not to sentence him to any time based on SRT violations simply because he's already facing 120 months with the criminal violations. I believe it is a more efficient use of the government's resources to have him serve his time, whether it's 120 months or whatever this Court feels is appropriate, and simply remove him to the USCIS for extradition -- scratch that -- for removal from the United States; and I can state, Your Honor, having practiced immigration law as well, the defendant is facing removal from the United States. He has committed aggravated felonies, and that will not permit him any

1  kind of reentry into the United States.  So once he's done with
2  his time, removing him to his country, I think, would be a more
3  efficient use of the government's resources.
4              Thank you, Your Honor.
5         THE COURT:  So in essence you're asking me for
6  120 months on both?
7         MR. TAUSK:  That's correct, Your Honor.
8         MS. RODRIGUEZ:  Yes, Your Honor.
9         THE COURT:  All right.  Let me hear from the defendant,
10 please.
11        MR. TAUSK:  Your Honor, once again I must simply state
12 that I have advised my client as --
13        THE COURT:  Yes, thank you.  I appreciate your candor.
14        THE DEFENDANT:  Can I give you these papers?  These are
15 for the judge and this was for the attorney, Ms. Rodriguez; but
16 I would like you all, Your Honor, to see all three.
17        THE COURT:  Are they in Spanish?
18        THE DEFENDANT:  In English.  If you want to turn it to
19 the back, there's more.
20        THE COURT:  All right.  These documents contain your
21 request for a change in counsel and continuances.  Is that
22 still what you want even after hearing what your lawyers have
23 said and what I impose by way of sentence?
24        THE DEFENDANT:  (Nodding head affirmatively.)
25        THE COURT:  I'm sorry.  The record can't reflect

```
 1   nodding of the head.
 2             THE DEFENDANT:  Yes.  May I explain why?
 3             THE COURT:  Are you requesting a change in counsel?
 4             THE DEFENDANT:  I feel that they're not doing
 5   sufficient work for me.
 6             THE COURT:  Objections have been filed, arguments have
 7   been made to reduce the sentence that you receive beyond what
 8   even the guidelines call for and to make sure that the
 9   guideline level is as low as possible.  You've seen the motions
10   that they've filed and heard the arguments that they have made.
11   Is it still your wish to retain new counsel?
12             THE DEFENDANT:  I didn't know that I had an attorney
13   for eight months.  She showed up last month on the 15th.
14             MS. RODRIGUEZ:  The reason for that, Judge, is that I
15   had been ill with breast cancer and I couldn't go visit him.
16             THE COURT:  Would a continuance be sufficient to allow
17   you more time to talk with Ms. Rodriguez and be comfortable
18   with the options that the law presents to you?
19             THE DEFENDANT:  Yes.  What I want is for her to go
20   visit me and do what I'm asking her to do.
21             THE COURT:  Her job is to do what she, in her
22   professional judgment, views as proper and beneficial, even if
23   that's not everything you want.  Do you understand that?
24             THE DEFENDANT:  I am understanding that.
25             THE COURT:  All right.  I'm going to continue this
```

| | |
|---|---|
| 1 | hearing for two weeks.  I'm going to return these documents to |
| 2 | you so you can review them with your lawyers and then decide on |
| 3 | the course of action that is advisable. |
| 4 |       THE DEFENDANT:  I have been sending letters to you this |
| 5 | whole year, last year as well. |
| 6 |       THE COURT:  You have a lawyer, and your positions |
| 7 | should be conveyed through your lawyer.  Do you understand |
| 8 | that? |
| 9 |       THE DEFENDANT:  Yes.  Yes, ma'am. |
| 10 |       THE COURT:  All right.  So, Lisa, do we have a date two |
| 11 | weeks from now? |
| 12 |       MS. RODRIGUEZ:  Judge, I was going to be out of town |
| 13 | after the 30th; and I come back on the 2nd. |
| 14 |       THE COURT:  That's fine.  We'll make it after that. |
| 15 |       What about September 10th, Lisa? |
| 16 |       COURTROOM MANAGER:  That will work. |
| 17 |       THE COURT:  September 10th at 10:00 o'clock. |
| 18 |       COURTROOM MANAGER:  11:00 would be better. |
| 19 |       THE COURT:  11:00.  That's fine. |
| 20 |       COURTROOM MANAGER:  You have several sentencings at |
| 21 | 10:00 and 10:30.  11:00 would be good. |
| 22 |       THE COURT:  If you want to take advantage of this |
| 23 | opportunity with your client, I'm sure the marshals can help |
| 24 | make that work. |
| 25 |       MS. RODRIGUEZ:  Yes.  Thank you. |

```
1            THE COURT:  You're all excused.

2            COURTROOM MANAGER:  All rise.

3            THE DEFENDANT:  Thank you.

4                 (The proceedings were adjourned.)

5                        *  *  *  *  *

6                  COURT REPORTER'S CERTIFICATE

7            I, David S. Smith, CSR, RPR, CRR, Official
     Court Reporter, United States District Court, Southern District
8    of Texas, do hereby certify that the foregoing is a true and
     correct transcript, to the best of my ability and
9    understanding, from the record of the proceedings in the
     above-entitled and numbered matter.
10

11                              /s/ David S. Smith_____
                                Official Court Reporter
12
```